UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-208-R

SHERRY ERLENE VIRGIN                                                                                       PLAINTIFF

v.

MCDONALD'S RESTAURANT                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion for Summary Judgment (Dkt. # 6). Responses and replies have been filed (Dkt. Nos. 8, 9, 18, & 23). The matter is now ripe for decision. For the reasons that follow, the Motion for Summary Judgment is **GRANTED**.

BACKGROUND

Plaintiff Sherry Erlene Virgin originally filed this case in Fulton County Circuit Court alleging personal injury arising from a trip and fall because of the uneven sidewalk and poorly lit parking lot at McDonald's Restaurant located at 103 US Highway 51 in Fulton, Kentucky. On October 18, 2004, McDonald's removed this case to this court. McDonald's has asked this court to dismiss the case because it claims that as the franchisor that it does not have ownership or control of the sidewalk and cannot be held liable.

STANDARD

A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are "material" in a summary judgment inquiry only when they

could affect the case's outcome under the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Stated differently, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id*. Furthermore, an issue of material fact is "genuine" only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

McDonald's claims to have no liability for the condition of the premises of its franchisee. "Premises liability requires the presence of both possession and control over the premises, because the entity in possession is normally best able to prevent any harm to others. A "possessor" is defined as a person who is in occupation of land with intent to control it." *Autry v. Western Kentucky University*, --- S.W.3d ----, 2005 WL 497193 *7 (Ky. Ct. App. 2005). "[A]n independent contractor or servant, to whom the owner or possessor of land turns over its entire charge, is liable for its own negligence does not eliminate the liability of a possessor for the harm done. Further, if the relationship between the owner and the manager is a principal/agent relationship, the owner would be vicariously liable for the negligence of the manager under the doctrine of respondeat superior." *Id.* (citing Restatement 2d of Torts §387).

McDonald's has submitted proof that Robert L. Kenworthy was the owner and operator of the restaurant where Ms. Virgin claims to have fallen on the sidewalk. Ms. Virgin has not submitted any proof that McDonald's owned the premises or the business. Instead, Ms. Virgin relies on the franchise agreement. The franchise agreement states that Mr. Kenworthy as the franchisee must use prescribed building layout and designs, must get McDonald's written consent before making changes, and must make "repairs or replacements required because of damage, wear and tear, or in order to maintain the restaurant building and parking area in good condition and in conformity to blueprints and plans." Additionally, McDonald's shall have the right to inspect to ensure that the franchisee is in compliance with the agreement. Mr. Kenworthy has not turned over his "entire charge" to McDonald's. Rather, he is the owner and operator and McDonald's cannot be considered his agent. Only the owner or possessor, such as Mr. Kenworthy, can be held liable for premises unless the owner or possessor has an agent or manager. Mr. Kenworthy still manages the operations of his restaurant, and he is responsible for keeping the parking lot in good repair even though McDonald's has a right to inspect or must be consulted about changes.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment is **GRANTED**.